■ QUEENS EXAMINATION CENTER, INC., et al., Respondents, v. AJAX ONE COMPANY, Appellant, and SIDNEY J. UNGAR et al., Defendants.— Order, Supreme Court, Bronx County, entered on April 26, 1973, denying defendant-appellant's motion to dismiss this action for failure to serve a complaint and to discharge the mechanic's lien filed by plaintiff, unanimously modified, on the law and the facts, to the extent of granting the motion to dismiss unless a complaint is served within 10 days after service upon plaintiffs-respondents by defendant-appellant of a copy of the order entered herein, with notice of entry, and otherwise affirmed, without costs and without disbursements. Service of a summons on appellant's counsel was valid service, since same was accepted by counsel, who, in turn, served a notice of appearance on behalf of appellant. While the notice of appearance was apparently not objected to or rejected, the record discloses a possible misunderstanding between the parties as to the nature and/or scope of the appearance. Under the circumstances plaintiffs should be given one final opportunity to perfect their action by service of a complaint. Concur — Stevens, P. J., Kupferman, Steuer and Capozzoli, JJ.

■ In the Matter of HENRY G. FINKLE, as Proposed Conservatee of the Property of KATE F. WEHLE, Appellant. KENNETH M. STARK, Respondent.— Order, Supreme Court, New York County, entered on June 12, 1973, insofar as it appoints Kenneth M. Stark a coconservator of the property of Kate Finkle Wehle, the conservatee, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, and said appointment vacated. It appears that all of the persons who are intimately concerned with the conservatee's welfare heartily indorsed the appointment of Mr. Goldring, as conservator of her property, and all concerned, including the court, found him to be well qualified and capable to serve in that capacity. While there is no objection to the qualifications of the conconservator designated by Special Term, we find that, on this record, there is no present need shown for a coconservator. (*Matter of Younker*, 42 A D 2d 534.) Concur — Stevens, P. J., Kupferman, Steuer and Capozzoli, JJ.

■ VAN VALKENBURGH, NOOGER & NEVILLE, INC., Respondent, v. HAYDEN PUBLISHING COMPANY, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on March 8, 1973, unanimously affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. We note that defendants-appellants contend that there should be a trial to determine whether, following modification here (33 A D 2d 766) and affirmance in the Court of Appeals (30 N Y 2d 34) of the original interlocutory judgment, defendants thereafter desisted from their previous failure to use their best efforts to promote plaintiff-respondent's books, and thereby ceased further to damage plaintiff. But the Court of Appeals did point out that "Whether there was, in fact, damage to the author from * * * [defendants' other] * * * publication will be decided at the reference." (P. 47.) Since such continuing damage could only have flowed from continuing dereliction by defendants in respect of contractually required promotional activity, the very issue as to which defendants desire a trial will be tried out in the reference. Concur — Markewich, J. P., Murphy, Lane and Tilzer, JJ.